IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MONIQUE LUNA AND CHRISTINA LAPOINT | § | |
|     *Plaintiffs,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-00139 |
| | § | JURY TRIAL DEMANDED |
| J.B. HUNT TRANSPORT, INC. AND GORDON BRANDON | § | |
|     *Defendants.* | § | |

## DEFENDANT J.B. HUNT TRANSPORT, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, Defendant J.B. Hunt Transport, Inc., (hereinafter "JB Hunt") hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), JB Hunt sets forth the following "short and plain statement of the grounds for removal."

### A.  THE REMOVED CASE

1.      The removed case is a civil action filed with the 131st Judicial District Court of Bexar County, Texas, on or about February 5, 2021 styled *Monique Luna and Christina LaPoint v. J.B. Hunt Transport, Inc. and Gordon Brandon*; Cause No. 2021CI02395; in the 131st Judicial District Court of Bexar County, Texas (the "State Court Action"). The case

arises from the alleged injuries sustained by Plaintiffs from a motor vehicle accident that

occurred on or about September 23, 2019 in, Bexar County, Texas.

## B.  DOCUMENTS FROM REMOVED ACTION

2.     Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), JB Hunt attaches the

following documents to this Notice of Removal as *Exhibit "A"*:

    i.     An index of matters being filed;

    ii.    All executed service of process;

    iii.   Pleadings asserting causes of action, e.g., petitions, counterclaims, cross
actions, third-party actions, interventions and all answers to such
pleadings;

    iv.    The state court docket sheet; and

    v.     A list of all counsel of record, including addresses, telephone numbers
and parties presented.

## C.  REMOVAL PROCEDURE

3.     Except as otherwise expressly provided by Act of Congress, any civil action

brought in a State Court of which the district courts of the United States have original

jurisdiction may be removed to the district court of the United States for the district and

division embracing the place where the action is pending. 28 U.S.C. § 1441.  The San

Antonio Division of the Western District Court of Texas is the United States district and

division embracing Bexar County, Texas, the county in which the State Court Action is

pending.

4.      JB Hunt received notice of the suit on February 10, 2021 but has not been served with process. Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

6.      JB Hunt will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 131st Judicial District Court of Bexar County, Texas, where the action is currently pending.

### D.   VENUE IS PROPER

7.      The United States District Court for the Western District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 131st Judicial District Court of Bexar County, Texas, is located within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

### E.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.      The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined *and served* as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be

shown below, although Defendant Gordon Brandon is believed to be a Texas resident, he has not been served in this case.

9.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

10.     As admitted in their Petition, Plaintiffs are individuals who reside in Bexar County, Texas.[1]

11.     Defendant JB Hunt Transport, Inc. is a foreign corporation organized and existing under the laws of the State of Georgia.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), JB Hunt is not a citizen of the State of Texas.

12.     Defendant Gordon Brandon has not been served and his citizenship has not been determined.

13.     In any event, even presuming that Defendant Brandon is a citizen of Texas, a majority of the federal courts considering "snap removal," as JB Hunt seeks here, have held that 28 U.S.C. § 1441(b)(2) permits removal as long as no in-state defendant has been served. *E.g., Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex.

---

[1] *See* Pl. Original Petition at ¶¶ 3.1, 3.2.

May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009). The Western District of Texas is also one of the jurisdictions recognizing the propriety of "snap removal" in a case such as this one. *Midwest Health Group, LLC v. eMDs, Inc.*, Civil Action No. 1:20-CV-853-LY, 2020 WL 6580446, *3 (W.D. Tex. Nov. 10, 2020).

14.     Consent is not necessary because Defendant Brandon has not been served.

15.     Because Plaintiffs are residents of the State of Texas and JB Hunt is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. Therefore, the diversity of citizenship requirement is satisfied.

## F.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16.     Plaintiffs allege in their Original Petition that they seek damages in monetary relief over $1,000,000.[2]  Plaintiffs also seek to recover damages against JB Hunt for: (a) medical expenses in the past; (b) medical expenses in the future; (c) physical pain and suffering in the past; (d) physical pain and suffering in the future; (e) physical impairment in the past; (f) physical impairment in the future; (g) lost wages in the past; (h) lost wages in the future; (i) loss of earning capacity in the future; (j) mental anguish in the past; (k) mental anguish in the future; (l) fear of future disease or condition; (m) past disfigurement; and (n) cost of medical monitoring and prevention in the future.[3]

---

[2] Plaintiffs' Original Petition at ¶ 1.1.
[3] Plaintiffs' Original Petition at ¶ 7.2 (a-n).

17.     Therefore, based on all of the aforementioned facts, the State Court Action may be removed to this Court by JB Hunt in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## G.   FILING OF REMOVAL PAPERS

18.     Pursuant to 28 U.S.C. § 1446(d), JB Hunt is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 131st Judicial District Court of Bexar County, Texas, in which this action was originally commenced.

## H.   CONCLUSION

19.     Defendant J.B. Hunt Transport, Inc., hereby removes the above-captioned action from the 131st Judicial District of Bexar County Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas, San Antonio Division, as provided by law.

Respectfully submitted,

**MAYER LLP**

750 North St. Paul, Suite 7000
Dallas, Texas 75201

214.379.6900 / Fax 214.379.693

By: _____

Zach T. Mayer
State Bar No. 24013118
E-mail: zmayer@mayerllp.com
-and-
Raul I. Saenz
State Bar No. 24093092
E-mail: rsaenz@mayerllp.com
4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
713.487.2003 /Fax 713.487.2019

**ATTORNEYS FOR DEFENDANT
J.B. HUNT TRANSPORT, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of February 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Nathan Z. Robinson | ☒ E-MAIL/E-SERVICE |
| LAW OFFICES OF THOMAS J. HENRY | ☐ ECM |
| 5711 University Hts., Suite 100 | ☐ HAND DELIVERY |
| San Antonio, Texas 78249 | ☐ FACSIMILE |
| nrobinson-svc@thomasjhenrylaw.com | ☐ OVERNIGHT MAIL |
| | ☐ REGULAR, FIRST CLASS MAIL |
| **ATTORNEYS FOR PLAINTIFFS** | ☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

*Raul I. Saenz*
_____
Raul I. Saenz